**In re the Marriage of Sheralyn VAUGHAN, f.k.a. Sheralyn Putrah, petitioner, Appellant,**

v.

**Jeffrey J. PUTRAH, Respondent.**

**No. C1–87–404.**

Court of Appeals of Minnesota.

Sept. 22, 1987.

Ann B. Barker, Mankato, for appellant.

Charles Adamson, Mankato, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN *, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from an order denying modification of an earlier child support judgment. The trial court found that changes in the circumstances of the parties did not make the original award unfair, and we affirm.

## FACTS

In 1984, the marriage of the parties was dissolved, custody of their one-year-old son was placed with appellant, and the trial court set support at $160 per month. In 1986, appellant moved for an increase in support, claiming that substantial changes in the circumstances of the parties made the original award unfair. She also asked for the right to claim an income tax exemption for the dependent child, a right the trial court granted to respondent in 1985. In addition, she asked the court to decrease her obligation, also ordered in 1985, to pay 75% of the costs of transportation for her child's visits to the father.

The court found that respondent had a net monthly income of $800 in 1984, that his 1986 net monthly income was $660, and that there had been no increase in the needs of the child. The court found that appellant's income had decreased but that this was "intentional" on her part, by her decision not to work outside the home any longer. Based on these findings, the court

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

concluded that there had been no changes in the circumstances of the parties which made the original award unfair.

## ISSUE

Did the trial court err in its conclusion that the changed circumstances of the parties did not make the prior judgment provisions unfair?

## ANALYSIS

The decision to modify an award of child support is left to the broad discretion of the trial court. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). We must uphold the underlying findings of fact of the trial court unless they are clearly erroneous. *See* Minn.R.Civ.P. 52.01.

The governing statute provides that an order for support may be modified upon a showing of one or more changes in circumstances, including "substantially increased or decreased earnings of a party," or "substantially increased or decreased need of a party," any of which make the existing order "unreasonable and unfair." Minn. Stat. § 518.64, subd. 2 (1986). At issue in this case are the questions (1) whether the record supports the trial court's conclusion that changes in circumstances did not make prior determinations unfair and (2) whether there was adequate evidence to support the trial court's underlying findings of fact.

### a. Obligor's Income

■ The trial court found that respondent's net income was $660 in 1986, and had been higher at the time the amount of support was determined in 1984. This finding is adequately supported by the evidence in the record. Respondent testified that at the time of the hearing in July 1986, his farming expenses for the year exceeded his receipts, but that he anticipated additional receipts such that he would end the year with a net income of $10,500. The credibility of this testimony was for the trial judge to determine. Based on this testimony, the trial court found that respondent's current income was $660 per month, $140 less than the amount he earned in 1984.

Appellant argues that the trial court's finding on respondent's income was erroneous because of evidence that respondent's 1985 adjusted gross income was over $6000 more than his adjusted gross income in 1984. Respondent testified, however, that his 1985 income was unusual and inflated because he was compelled to liquidate crops late in 1985 that he normally would have held until 1986. It was within the trial court's fact-finding function to interpret respondent's 1985 income.

Next, appellant argues that the finding that respondent's income declined is contradicted by evidence of a pattern of increase he enjoyed in each of the years 1982, 1983, and 1985. This information was simply evidence which the trial court had to consider along with the other evidence in assessing respondent's current income. The evidence does not compel reversal.

■ Finally, appellant argues that there is evidence respondent enjoys the fruits of good income. She refers to his recent acquisition of a motor vehicle and other items, and two vacation trips. Respondent claims that the vacation expenses were small and that the purchases were necessary. We must confirm the trial court's assessment of the evidence; the conflicts in testimony are a matter of credibility for the trial court to determine.

### b. Obligee's Income

The trial court found that appellant had given up her employment intentionally and that under the circumstances it was not unfair to continue obligations determined earlier. It is undisputed that appellant was trained in accounting and management and was capable of working outside of the home. Appellant did not present evidence that she has unmet needs in addition to support paid by respondent. It was not an abuse of discretion for the trial court to conclude that the original support determination should not be modified.

### c. Obligee's Expenses

Appellant claims that her present family expenses are $2396, substantially more than the $1135 which she experienced in 1984. It is undisputed, however, that the

figure of $2396 represents all of the expenses of appellant's present family unit, which includes appellant's new spouse. This figure is not comparable with the figure of earlier expenses for appellant and her child. There is insufficient evidence here to question the trial court's decision against modification.

### d. Dependency Exemption

Appellant contends that the $160 per month child support payment represents a small part of the expenses for care of the child and that the income tax exemption for the child should be reallocated. The evidence includes no statement of the individual needs of the child and there is insufficient evidence to question the trial court's decision against modification.

### e. Transportation Costs

Appellant claims she should be relieved of the visitation transportation expense for the same reason she argues that she should be given increased child support. As has been discussed earlier, we find no abuse of discretion in the trial court's determination that changed circumstances did not make the decision unfair.

### DECISION

The trial court acted within its discretion in denying appellant's motion for increased child support.

Affirmed.